UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-12433-MWF-DMK | Date | May 6, 2026 |
|---|---|---|---|
| Title | Brian T. Hill v. California Supreme Court, et al. | | |

| Present: The Honorable | Diana M. Kwok, United States Magistrate Judge | |
|---|---|---|
| Valerie Velasco | | n/a |
| Deputy Clerk | | Court Smart / Recorder |
| Attorney(s) Present for Petitioner(s): | | Attorney(s) Present for Respondent(s): |
| None present | | None present |

**Proceedings:**    **(IN CHAMBERS) ORDER REGARDING SCREENING OF PETITION**

## I.    INTRODUCTION

On December 15, 2025, Petitioner Brian T. Hill, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. EFC 1. The Petition asserts four claims for habeas relief. *Id.* First, Petitioner seeks a writ of mandate directing the California State Court of Appeal, Second District, Division Two, to issue Petitioner a copy of the stay of proceedings. *Id.* Second, Petitioner seeks a writ of prohibition directing "this state court to stop ruling on procedural matters of this writ of habeas corpus without issuing the Petitioner a copy of said orders, rulings, decisions, etc. . . . in accordance with the standards of Due Process of Law." *Id.* Third, Petitioner seeks a writ of mandate directing "this state court to rule on said writ of habeas corpus within its state statutory scheme, Ca. Penal Code sections' 1473-1509.1, et. seq. and Federal Laws and Constitutional Rights Guarantees." *Id.* Fourth, Petitioner seeks all other relief that is deemed "just, proper, fit and lawful" under the jurisdiction of this Court. *Id.*

Upon the Court's review of the Petition, there appear to be deficiencies that are potentially grounds for the Petition's dismissal. Accordingly, for the reasons discussed below, Petitioner is **ORDERED** to show cause, by no later than **June 2, 2026**, why the Petition should not be dismissed.

## I.    SCREENING REQUIREMENT

Under Habeas Rule 4, this Court is required to conduct a preliminary review of all petitions for writ of habeas corpus. If it "plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief in the district court," the petition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-12433-MWF-DMK | Date | May 6, 2026 |
|---|---|---|---|
| Title | Brian T. Hill v. California Supreme Court, et al. | | |

must be dismissed. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). Here, the Petition does not state a cognizable claim, rendering it subject to dismissal.

## II. NONE OF PETITIONER'S CLAIMS IS COGNIZABLE FOR FEDERAL HABEAS RELIEF

Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of a prisoner's confinement. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (internal citation omitted); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). It follows, then, that when success on a petitioner's claim would not necessarily lead to a petitioner's immediate or earlier release from confinement, such claim does not fall within the core of habeas corpus. *Pinson v. Carvajal*, 69 F.4th 1059, 1069–71 (9th Cir. 2023); *Nettles*, 830 F.3d at 935. And if a claim "does not lie at 'the core of habeas corpus,'" then "it may not be brought in habeas corpus." *Nettles*, 830 F.3d at 934 (quoting *Preiser v. Rogriguez*, 411 U.S. 475, 487 (1973)).

Here, even if Petitioner was successful in obtaining the relief he seeks, none of his claims are cognizable habeas claims because such success would not necessarily lead to his immediate or earlier release from confinement. Petitioner is seeking: (1) the production of documents filed in Case No. B345242; (2) an order prohibiting rulings on procedural matters "of this writ of habeas corpus" without first providing Petitioner copies of those filed documents; and (3) a writ of mandate directing "this state court" to rule on "said writ of habeas corpus." ECF 1. None of these claims is based on allegations that Petitioner's custody or confinement is illegal or unconstitutional. Accordingly, none of them is a cognizable claim for federal habeas relief

## II. CONCLUSION

For the foregoing reasons, the Court **ORDERS** Petitioner to show cause by no later than **June 2, 2026**, as to why the Petition should not be dismissed.

///

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-12433-MWF-DMK | Date | May 6, 2026 |
|----------|----------------------|------|-------------|
| Title | Brian T. Hill v. California Supreme Court, et al. | | |

    **Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition partially being dismissed for the reasons stated above, and/or for failure to object court orders and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**[1]

    **IT IS SO ORDERED.**

---

[1] This order is nondispositive. However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within 20 days of the date of the order. *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015).